## SEMIDEY ET AL., Complainants,

*v.*

## CENTRAL AGUIRRE ET AL., Dfts.

---

San Juan, Equity, No. 874.

NOTARIAL CERTIFICATE AS EVIDENCE.

Notarial Certificate—Evidence.

1. A notary on the stand as a witness may adopt as part of his

Semidey v. Central Aguirre.

evidence a certificate previously made by him. But anything hearsay or otherwise incompetent in the certificate will be ruled out upon proper objection.

Evidence—Name of Canal.

2. In Porto Rico, where irrigation canals are common, a witness testifying to a certain canal may state the name by which it is known.

Evidence—Federal Court.

3. The practice in the local courts of admitting all the statements of a notarial certificate is not binding upon the Federal court.

Opinion filed November 7, 1914.

*Messrs. Perry Allen* and *H. G. Molina* for complainants.

*Messrs. Charles Hartzell* and *M. Rodriguez Serra* for Central Aguirre et al.

*Mr. Jorge Dominguez* for defendant Gonzalez.

HAMILTON, Judge, delivered the following opinion:

1. A paper is offered in evidence purporting to be a certificate of witness Ramos in his notarial capacity. It seems to state that he went to a canal, and under certain conditions, by the direction of others, made certain examinations. The witness Ramos is on the stand himself. This brings up several interesting questions. The use of certificates, especially by notaries, is more common under the civil law than under the common law, and the question comes up how far it is applicable in the United States court, which is not governed in its procedure by

Semidey v. Central Aguirre.

the civil law, at least not to the same extent as the insular courts. That difficulty, though, is obviated in this particular case by the fact that the notary himself is on the stand and adopts the certificate as his present testimony. He has said the certificate is correct, so that the bare question does not come up right now. The other question does come up, however, as to how far statements made upon information, hearsay, can be incorporated in such a certificate and be adopted by the witness on the stand. The court's opinion and its ruling will be that anything which is stated in a notarial certificate, either upon hearsay on its face, or if shown by cross-examination to be hearsay, will be excluded upon objection. Proper objection has been made in this case, so that the statements in this certificate, so far as shown either on their face or by the present testimony to be hearsay, cannot be admitted. This, however, applies mainly to the preface to the paper, showing how he came to go on the land. The court will admit the fact that he was requested to go, all that part of the certificate being introductory. The truth of the statements made to him is another matter. The court would not consider them as proving the facts stated. So much for that.

2. The witness having adopted the paper, it is, so far as it purports to give his own observation at the time, proper evidence. Now, as to whether his information as to the name of the canal shall be admitted or not, whether it is the canal in suit or not. The court thinks there is evidence from the witness sufficiently showing that it may be canal in suit, and the court will admit it for that purpose. It would be impossible for the witness to testify, it would be impossible for 999 out of a thousand to testify, that they dug the canal and they gave

it the name. We have to start somewhere; so that, in a matter as well known in Porto Rican industry as an irrigation canal, we would have to assume the same rule that applies as to the names of rivers and mountains, etc. The fact that this was known as the "Teresa" canal in the neighborhood, the court will hold, makes it admissible evidence *pro tanto,* as far as it goes. The paper, therefore, is admitted with those limitations.

3. Since this is to apply to other papers, let me add one clause to the ruling. The court does not think, even if it were provided for by law (which is not shown), that a notarial certificate of examination of land shall be evidence, that the rule would govern the Federal court, for the reason that it might be making hearsay evidence applicable in trials in this court. The court does not think that that should ever be permitted. This is not saying that such is the result of any local legislation, but, to make the case clear, it seems only right to add that the court deems it a fundamental element of Federal practice that hearsay evidence, except with certain narrow limits, is to be excluded, and is not made evidence because it happens to be embraced within a notarial certificate, whether here or elsewhere.